Eric H. Weitz (to seek admission *pro hac vice*)
Max S. Morgan (to seek admission *pro hac vice*)
The Weitz Firm, LLC
1515 Market Street, #1100
Philadelphia, PA 19102
Tel: (267) 587-6240
Fax: (215) 689-0875
eric.weitz@theweitzfirm.com
max.morgan@theweitzfirm.com

*Counsel for Plaintiff and the proposed classes*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Augustine, *on behalf of himself and others similarly situated,*<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Republic Services, Inc.,<br><br>　　　　　Defendant. | Case No.: _____<br><br>CLASS ACTION COMPLAINT<br><br>JURY TRIAL DEMANDED |

**Nature of this Action**

1.　　Michael Augustine ("Plaintiff") brings this class action against Republic Services, Inc. ("Defendant" or "Republic Services") under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2.　　Upon information and good faith belief, Defendant routinely violates 47 U.S.C. § 227(b)(1)(A)(iii) by using an artificial or prerecorded voice in connection with non-emergency calls it places to telephone numbers assigned to a cellular telephone service, without prior express consent.

3.　　More specifically, upon information and good faith belief, Defendant routinely uses an artificial or prerecorded voice in connection with non-emergency calls it places to wrong or

reassigned cellular telephone numbers.

**Jurisdiction and Venue**

4. This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331.

5. This Court has jurisdiction over Defendant because Defendant conducts business transactions in this district, is located in this district, and has committed tortious acts in this district.

6. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b) as a substantial portion of the events giving rise to this action occurred in this district and Defendant resides in this district.

7. For example, Defendant directed artificial or prerecorded voice messages to Plaintiff's cellular telephone from this district.

**Parties**

8. Plaintiff is a natural person who at all relevant times resided in Commerce Township, Michigan.

9. Plaintiff is, and at all relevant times was, a "person" as defined by 47 U.S.C. § 153(39).

10. Defendant is a corporation organized under the laws of the State of Delaware, with global headquarters located at 18500 North Allied Way, Phoenix, Arizona 85054.

11. Defendant is, and at all relevant times was, a "person" as defined by 47 U.S.C. § 153(39).

**Factual Allegations**

12. Plaintiff is, and has been for the relevant time period, the subscriber to his cellular telephone number—(XXX) XXX-0853.

13. In or around November 2022, Defendant began placing calls to telephone number (XXX) XXX-0853, intending to reach someone other than Plaintiff.

14. For example, Defendant placed calls to telephone number (XXX) XXX-0853 on November 6, 2022, November 7, 2022, November 13, 2022, November 14, 2022, November 20, 2022, November 21, 2022, November 27, 2022, November 28, 2022, December 4, 2022 (2 calls), December 5, 2022 (2 calls), December 6, 2022, December 7, 2022, December 8, 2022, December 11, 2022, December 12, 2022, December 14, 2022, December 15, 2022, December 18, 2022, December 19, 2022, December 21, 2022, December 22, 2022, December 25, 2022, December 26, 2022.

15. Defendant's records will show all of the calls it made to Plaintiff at telephone number (XXX) XXX-0853.

16. Defendant used an artificial or prerecorded voice in connection with many of the calls it placed to telephone number (XXX) XXX-0853.

17. For example, on December 14, 2022 at 5:17PM, Defendant delivered to telephone number (XXX) XXX-0853, from telephone number (866) 527-0007, an artificial or prerecorded voice message that states:

> Hello. This is Republic Services. Your normal dumpster service is coming up. We will be at 7826 Cooley Lake Road to pick up your solid waste on December 15, 2022. Please make sure the area around the dumpster is clear and it is accessible by the truck. You can track the day of your service by visiting the scheduling page at republicservices.com. Thank you.

18. And, on December 15, 2022 at 8:12AM, Defendant delivered to telephone number (XXX) XXX-0853, from telephone number (866) 527-0007, an artificial or prerecorded voice message that states:

> Hello. This is Republic Services with an announcement about your service. We have completed service for the solid waste dumpster at 7826 Cooley Lake Road. Thank you.

19. On a number of occasions Plaintiff answered calls from Defendant and listened to an artificial or prerecorded voice message that Defendant delivered.

20. Defendant placed its calls to telephone number (XXX) XXX-0853 intending to reach someone unknown to Plaintiff.

21. In response to the artificial or prerecorded voice messages Defendant delivered to telephone number (XXX) XXX-0853, Plaintiff placed a return call to Defendant at telephone number (866) 527-0007.

22. During the conversation, Plaintiff informed Defendant that it had reached a wrong number in placing calls to telephone number (XXX) XXX-0853, explained to Defendant that its calls to telephone number (XXX) XXX-0853 were intended for someone other than him, and instructed Defendant to stop placing calls to telephone number (XXX) XXX-0853.

23. Defendant acknowledged that it reached a wrong number when placing calls to telephone number (XXX) XXX-0853.

24. Defendant, however, continued to place calls, in connection with which it used an artificial or prerecorded voice, to telephone number (XXX) XXX-0853.

25. Defendant placed numerous calls to telephone number (XXX) XXX-0853 after Plaintiff requested that the calls stop.

26. Defendant delivered, or attempted to deliver, numerous artificial or prerecorded voice messages to telephone number (XXX) XXX-0853 after Plaintiff requested that the calls stop.

27. Defendant placed the subject calls to telephone number (XXX) XXX-0853 in an effort to reach a third party.

28. Plaintiff does not have an account with Defendant.

29. Plaintiff did not have an account with Defendant during the time Defendant placed calls to Plaintiff.

30. Plaintiff is not a customer of Defendant.

31. Plaintiff was not a customer of Defendant during the time Defendant placed calls to Plaintiff.

32. Plaintiff did not provide telephone number (XXX) XXX-0853 to Defendant.

33. Plaintiff did not provide Defendant with consent to place calls, in connection with which it used an artificial or prerecorded voice, to telephone number (XXX) XXX-0853.

34. Defendant placed the subject calls to telephone number (XXX) XXX-0853 for non-emergency purposes.

35. Defendant placed the subject calls to telephone number (XXX) XXX-0853 voluntarily.

36. Defendant placed the subject calls to telephone number (XXX) XXX-0853 under its own free will.

37. Defendant had knowledge that it was using an artificial or prerecorded voice in connection with the subject calls it placed to telephone number telephone number (XXX) XXX-0853.

38. Plaintiff suffered actual harm as a result of Defendant's subject calls in connection with which it used an artificial or prerecorded voice message, in that he suffered an invasion of privacy, an intrusion into his life, and a private nuisance.

39. For example, Plaintiff spent time tending to the calls and requesting that they stop.

40. Defendant's prerecorded messages also filled Plaintiff's voicemail, occupied the capacity of Plaintiff's cellular telephone and depleted his battery.

41. Upon information and good faith belief, Defendant, as a matter of pattern and practice, uses an artificial or prerecorded voice in connection with calls it places to telephone numbers assigned to a cellular telephone service, absent prior express consent.

42. For example, numerous consumers have turned to the internet to complain about Defendant's unwanted, wrong number, calls.

43. For example, on October 1, 2022 Bryan Shrader wrote on www.800notes.com, a popular reverse phone number lookup database:

> I receive on average about three phone calls a day from this number. It fills up my inbox with messages. I have tried to block this number but the calls keep coming. I dont know who republic services is, I do not have an acvount [sic] with them. I sincerely wish these calls would stop..[1]

**Class Action Allegations**

44. Plaintiff brings this action under Federal Rules of Civil Procedure 23 as a representative of the following class and subclass:

*Class*: All persons throughout the United States or its territories (1) to whom Republic Services Inc. placed, or caused to be placed, a call, (2) directed to a number assigned to a cellular telephone service, but not assigned to a Republic Services Inc. customer, accountholder, or authorized user, (3) in connection with which Republic Services, Inc. used an artificial or prerecorded voice, (4) from four years prior to the filing of this Complaint through the date of class certification.

*Subclass*: All persons throughout the United States or its territories (1) to whom Republic Services, Inc. placed, or caused to be placed, a call, (2) directed to a number assigned to a cellular telephone service, but not assigned to a Republic Services, Inc. customer, accountholder, or authorized user, (3) in connection with which Republic Services, Inc. used an artificial or prerecorded voice, (4) after the

---

[1] *See* https://800notes.com/Phone.aspx/1-866-527-0007 (last accessed December 28, 2022).

called party informed Republic Services, Inc. that the telephone number it called was a wrong or reassigned telephone number, or instructed Republic Services, Inc. to stop placing calls to the telephone number, (5) from four years prior to the filing of this Complaint through the date of class certification.

45. Excluded from the class and subclass are Defendant, Defendant's officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest, class counsel and their employees, and the judicial officers and their immediate family members and associated court staff assigned to this case.

46. Upon information and belief, the members of the class and subclass are so numerous that joinder of all of them is impracticable.

47. The exact number of the members of the class and subclass are unknown to Plaintiff at this time and can be determined only through appropriate discovery including Defendant's records.

48. The members of the class and subclass are ascertainable because they are defined by reference to objective criteria.

49. In addition, the members of the class and subclass are identifiable in that, upon information and belief, their telephone numbers, names, and addresses can be identified in business records maintained by Defendant and by third parties.

50. Plaintiff's claims are typical of the claims of the members of the class and subclass.

51. As it did for all members of the class and subclass, Defendant placed calls to Plaintiff's cellular telephone number in connection with which it used an artificial or prerecorded voice.

52. Plaintiff's claims, and the claims of the members of the class and subclass, originate

from the same conduct, practice, and procedure on the part of Defendant.

53. Plaintiff's claims are based on the same theories as the claims of the members of the class and subclass.

54. Plaintiff suffered the same injuries as the members of the class and subclass.

55. Plaintiff is an adequate representative of the class and subclass because he will fairly and adequately protect the interests of the members of the class and subclass.

56. Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the class and subclass.

57. Plaintiff will vigorously pursue the claims of the members of the class and subclass.

58. Plaintiff has retained counsel experienced and competent in class action litigation.

59. Plaintiff's counsel will vigorously pursue this matter.

60. Plaintiff's counsel will assert, protect, and otherwise represent the members of the class and subclass.

61. The questions of law and fact common to the members of the class and subclass predominate over questions that may affect individual members of the class and subclass.

62. Questions of law and fact common to all members of the class and subclass are:

    a. Whether Defendant violated the TCPA;

    b. Whether Defendant's conduct, pattern, and practice as it pertains to dialing wrong or reassigned cellular telephone numbers violated the TCPA;

    c. Whether Defendant's conduct, pattern, and practice as it pertains to placing calls with an artificial or prerecorded voice to wrong or reassigned cellular telephone numbers violate the TCPA;

   d. Whether Defendant's use of an artificial or prerecorded voice violated the TCPA; and,

   e. The availability of statutory penalties.

63. A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

64. If brought and prosecuted individually, the claims of the members of the class and subclass would require proof of the same material and substantive facts.

65. The pursuit of separate actions by individual members of the class and subclass would, as a practical matter, create a risk of being dispositive of the interests of other members of the class and subclass, and could substantially impair or impede their ability to protect their interests.

66. The pursuit of separate actions by individual members of the class and subclass could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

67. These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the class and subclass.

68. The damages suffered by individual members of the class and subclass may be relatively small, thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the class and subclass to redress the wrongs done to them.

69. The pursuit of Plaintiff's claims, and the claims of the members of the class and subclass, in one forum will achieve efficiency and promote judicial economy.

70. The conduct of this action as a class action presents far fewer management difficulties, conserves judicial resources and the parties' resources, and protects the rights of each class member.

71. Defendant has acted or refused to act on grounds generally applicable to the members of the class and subclass, making final declaratory or injunctive relief appropriate.

## Count I
## Violation of 47 U.S.C. § 227(b)(1)(A)(iii)

72. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-69.

73. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by using an artificial or prerecorded voice in connection with calls it placed to Plaintiff's cellular telephone number and the cellular telephone numbers of the members of the class and subclass, without consent.

74. As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff and the members of the class and subclass were damaged and are entitled to damages in an amount to be proven at trial.

## Prayer for Relief

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Certification of the proposed class and subclass;

b) Designating Plaintiff as a representative of the class and subclass under Federal Rule of Civil Procedure 23;

c) Designating Plaintiff's counsel as counsel for the class and subclass under Federal Rule of Civil Procedure 23;

d) Adjudging and declaring that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

e) Enjoining Defendant from continuing its violative behavior, including continuing to place calls to Plaintiff's cellular telephone number, and to the cellular telephone numbers of members of the class and subclass, in connection with which it uses an artificial or prerecorded voice;

f) Awarding Plaintiff and the members of the class and subclass damages under 47 U.S.C. § 227(b)(3)(B);

g) Awarding Plaintiff and the members of the class and subclass treble damages under 47 U.S.C. § 227(b)(3);

h) Awarding Plaintiff and the class and subclass reasonable attorneys' fees, costs, and expenses under Rule 23 of the Federal Rules of Civil Procedure;

Awarding Plaintiff and the members of the class and subclass any pre-judgment and post-judgment interest as may be allowed under the law; and,

i) Awarding such other and further relief as the Court may deem just and proper.

**Demand for Jury Trial**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.

Dated: December 29, 2022

/s/ Max S. Morgan
Eric H. Weitz, Esquire*
Max S. Morgan, Esquire*
THE WEITZ FIRM, LLC
1515 Market Street, #1100
Philadelphia, PA 19102
Tel: (267) 587-6240
Fax: (215) 689-0875
max.morgan@theweitzfirm.com
eric.weitz@theweitzfirm.com

*Counsel for Plaintiff and the proposed classes*

(*to seek admission *pro hac vice*)